Matter of Umeokafor v City of New York (2021 NY Slip Op 06066)





Matter of Umeokafor v City of New York


2021 NY Slip Op 06066


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 101782/19 Appeal No. 14559 Case No. 2020-04640 

[*1]In the Matter of Peter C. Umeokafor, Petitioner,
v
City of New York et al., Respondents.


Mobilization for Justice, Inc., New York (Montel A. Cherry of counsel), for petitioner.
Georgia M. Pestana, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Determination of respondent New York City Office of Administrative Trials and Hearings (OATH), dated July 15, 2019, which, after a hearing, found that petitioner violated Administrative Code of City of NY § 19-506(b)(1) by operating a vehicle as a taxicab or vehicle for hire without first obtaining the license required by AdministrativeCode § 19-504, and imposed a fine of $1,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [John J. Kelley, J.], entered June 29, 2020), dismissed, without costs.
The decision of the Hearing Officer and the OATH determination are supported by substantial evidence, consisting of statements of the issuing officer in the summons, which were affirmed under the penalty of perjury (48 RCNY 6-12[b]). The finding by the Hearing Officer that petitioner's testimony was not credible was rational based on the discrepancies between his account of events and that of his wife concerning where they were going and why. These discrepancies were relevant to an assessment of the circumstances surrounding the violation and whether the passengers in the vehicle that were observed and questioned by the issuing officer were petitioner's relatives or strangers who paid petitioner for transportation. An agency's determination that finds support in the record should not be disturbed even where the evidence is conflicting, room for choice exists and this Court may have reached a different conclusion (see Matter of Berenhaus v Ward , 70 NY2d 436, 444 [1987]). Contrary to petitioner's claim, the Hearing Officer did not credit the testimony of his wife, which contradicted the issuing officer's statements in the summons. The Hearing Officer determined that only the issuing officer's detailed and specific version of events recounted in the summons was credible (see Matter of Amann v New York City Loft Bd. , 262 AD2d 234 [1st Dept 1999]).
Furthermore, the Hearing Officer's decision and the OATH's determination addressed each of the requisite elements of the violation. Petitioner's assertion that the Hearing Officer made an error of law by failing to find that the issuing officer had reasonable suspicion for stopping his vehicle is waived as it was not raised before the administrative agency (see Matter of Seitelman v Lavine, 36 NY2d 165, 170 [1975]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021